1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   KIRK PATRICK VAUGHT, JR.,              CASE NO. 07-CV-01225 W (CAB)

12                          Petitioner,     **ORDER ADOPTING REPORT
                                            AND RECOMMENDATION**
13          vs.                             **AND DENYING PETITION FOR
                                            WRIT OF HABEAS CORPUS**
14   JAMES A. YATES, Warden,

                             Respondent.
15

16

17          On July 5, 2007, Kirk Patrick Vaught, Jr. ("Petitioner"), a state prisoner proceeding

18   pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No.

19   1.)  On November 7, 2007, Respondent filed an answer.  (Doc. No. 13.)  On January 1,

20   2008, Petitioner filed a traverse.  (Doc. No. 22.)  On May 5, 2008, the magistrate judge

21   filed a Report and Recommendation, recommending that the petition be denied.  (Doc. No.

22   23.)   As of the date of this Order, Petitioner has not filed objections to the Report and

23   Recommendation, although the deadline for doing so is long past.  (See Doc. No. 23.)

24          For the reasons set forth below, the Court ADOPTS the Report and

25   Recommendation and DENIES the Petition.

26   ////

27   ////

28   ////

**Background**

**A.     Procedural History**

On April 19, 2004, a San Diego County Superior Court jury found Petitioner guilty of two counts of robbery, one count of possession of a firearm by a felon, and one count of burglary.  (Clerk's Transcript ("CT") at 185-91.)  The jury also found true the allegation that Petitioner personally used a firearm during the commission of the robberies.  (CT at 186, 188.)  On November 30, 2004, Petitioner's sentence included applicable enhancements for the use of a firearm under Cal. Penal Code § 12022.53(b) found by the jury.  (CT at 201.)  On May 1, 2006, the California Court of Appeal affirmed Petitioner's convictions.  (Lodgment 5 at 1.)  On June 2, 2006, Petitioner filed a petition for review by the California Supreme Court.  (Lodgment 6 at 1.)  On July 17, 2006, the California Supreme Court denied the petition for review.  (Lodgment 7 at 1.)

**B.     Factual History**

The state appellate court summarized the relevant facts as follows:

At approximately 7:00 p.m. on September 28, 2003, two employees were working at the Aaron Brothers store located on Midway Drive in San Diego. The assistant manager, Jill Bautista, was helping Geoffrey Moon complete the final orders for the night.  When Bautista opened the store's back door to ensure it was locked, she was approached by a woman who asked to make a return of merchandise.   Bautista explained the store was closed and she could not complete the merchandise's return until the next day.  Vaught appeared from behind the door and told Bautista he was robbing the store.  When Vaught held a gun to Bautista's chest, she admitted Vaught and the woman into the store.

Bautista immediately walked to the room in which Moon was working. Vaught followed Bautista.  Bautista told Moon that Vaught was there to "take our money."  Moon noticed Vaught had a gun pointed at Bautista.  Bautista then lead [sic] Vaught to the office, where money was kept in a safe.  Vaught waved the gun at Moon, directing him to follow.

1    After unlocking the office door, Bautista entered the office, followed by
2    Moon and Vaught.  Bautista opened the safe and handed Vaught the cash from
3    the cash drawers.  Vaught stuffed the money in his pockets.  At this time, the
4    gun was either in his hand or his waistband, and was still visible to Bautista and
5    Moon.  When Vaught insisted there was more money in the safe, Moon handed
6    over two pouches containing the daily deposits.  Vaught asked Bautista and
7    Moon to give him time to get away, and he and the woman left the store.  No
8    gun used in the robberies was ever recovered; the existence of a gun was based
9    solely on the testimonies of Bautista and Moon.

10   (Lodgment 5 at 2-3.)

11   At trial, the two robbery victims, Bautista and Moon, both testified that Petitioner
12   possessed and personally used a gun during the robbery.  (RT at 128, 213.)  Bautista
13   testified that Petitioner pulled a gun out of his waistband and put it to her chest.
14   (RT at 213-16.)  When he pointed the gun at her chest, Petitioner told her "it wasn't a joke
15   and that he was here to take [Aaron Brothers'] money."  (RT at 216.)  Although Bautista's
16   initial reaction was that the gun looked like the kind of gun "you play with when you're a
17   kid," she testified she complied with Petitioner's demands because she thought the gun was
18   real and loaded.  (RT at 215, 225.)  She could not remember the exact details of the gun,
19   only that it was "long and pointy."  (RT at 215.)

20   Moon testified that Petitioner had the gun in his left hand and was pointing it at
21   Bautista.  (RT at 128.)  Moon stated he had previously handled a gun and described the
22   difference between a revolver and a semi-automatic pistol.  (RT at 129.)  He testified the
23   gun was a dark metal revolver with a long barrel, approximately nine to ten inches long.
24   (RT at 129.)  Moon also testified that the barrel appeared to be consistent in color and there
25   were no red or orange markings at the end of the barrel.  (RT at 129-30.)

26   ////

27   ////

28   ////

07cv1225

**C.      The Habeas Petition**

On July 5, 2007, Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. No. 1.)  Petitioner contends that his convictions violate the Due Process Clause of the Fourteenth Amendment.  (Doc. No. 1.)

**<u>Discussion</u>**

Petitioner alleges that the evidence presented against him at trial was insufficient to support his conviction for being a felon in possession of a firearm under Cal. Penal Code § 12021(a)(1) and the imposition of sentence enhancements for the personal use of a firearm during the commission of a robbery under Cal. Penal Code § 12022.53(b).  (Doc. No. 1.)  Petitioner contends that his conviction is in violation of the Fourteenth Amendment Due Process Clause.

**A.      Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2254(d), to provide the following standard of review applicable to state court decisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

////

////

07cv1225

To obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2).  See Williams v. Taylor, 529 U.S. 362, 403 (2000).  The Supreme Court interprets the "contrary to" clause of § 2254(d)(1) and the "unreasonable application" clause of § 2254(d)(2) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 412-13 (2000); see also Lockyer v. Andrade, 538 U.S. 63, 73-76 (2003).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision.  Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991).  If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law.  See Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by Lockyer, 538 U.S. at 75-76); accord Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  However, a state court need not cite Supreme Court precedent when resolving a habeas corpus claim.  Early v. Packer, 537 U.S. 3, 8 (2002).  "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent]," the state court decision is not "contrary to" clearly established federal law.  Id.

////
////
////

1  **B.      Substantial Evidence of a Firearm**

2       Petitioner was convicted of one count of being a felon in possession of a firearm, in

3  violation of Cal. Penal Code § 12021(a)(1).[1] The jury also found that Petitioner personally

4  used a firearm during the commission of two robberies, in violation of Cal. Penal      Code

5  § 12022.53(b).[2] Petitioner's due process claim is that the testimony of the two witnesses

6  was insufficient to prove beyond a reasonable doubt that the weapon he possessed and used

7  during the robberies was an actual firearm within the meaning of Cal. Penal Code §

8  12001(b), as opposed to a pellet gun or a toy gun.  The Court concludes that this claim

9  lacks merit.

10      The Due Process Clause protects a criminal defendant from conviction "except upon

11 proof beyond a reasonable doubt of every fact necessary to constitute the crime with which

12 he is charged." In re Winship, 397 U.S. 358, 364 (1970).  In reviewing an evidentiary

13 sufficiency claim in habeas proceedings under 28 U.S.C. § 2254, a federal court must

14 determine whether "any rational trier of fact could have found the essential elements of the

15 crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).  This

16 standard "must be applied with explicit reference to the substantive elements of the

17 criminal offense as defined by state law." Chein v. Shumsky, 373 F.3d 978, 983 (9th Cir.

18 2004) (en banc) (quoting Jackson, 443 U.S. at 324, n.16).

19 ////

20

21      [1] California Penal Code § 12021(a)(1) provides:

22      Any person who has been convicted of a felony under the laws of the United
        States, the State of California, or any other state, government, or country or of
23      an offense enumerated in subdivision (a), (b), or (d) of Section 12001.6, or who
        is addicted to the use of any narcotic drug, and who owns, purchases, receives,
24      or has in his or her possession or under his or her custody or control any firearm is
        guilty of a felony.
25

26      [2] California Penal Code § 12022.53(b) provides:

27      Notwithstanding any other provision of law, any person who, in the commission
        of a felony specified in subdivision (a), personally uses a firearm, shall be
28      punished by an additional and consecutive term of imprisonment in the state
        prison for 10 years. The firearm need not be operable or loaded for this
        enhancement to apply.

A federal court faced with a factual record "that supports conflicting inferences must presume-even if it does not affirmatively appear in the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Jackson, 443 U.S. at 326. "Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." United States v. Cordova Barajas, 360 F.3d 1037, 1041 (9th Cir. 2004).

In reviewing Petitioner's appeal, the California Court of Appeals applied an evidentiary sufficiency test virtually identical to the federal Jackson standard: "[t]he reviewing court 'must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence . . . such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.'" (Lodgment 5 at 4-7; quoting People v. Johnson, 26 Cal. 3d 557, 578 (Cal. 1980).)

Under California law, Penal Code § 12001(b) defines a firearm as: "any device, designed to be used as a weapon, from which is expelled through a barrel a projectile by the force of any explosion or any other form of combustion." (Lodgment 5 at 5.) The character of the weapon may be proved by circumstantial evidence, such as descriptions of the weapon and its role in the commission of the crime. See People v. Hayden, 30 Cal. App. 3d 446, 451-52 (Cal. Ct. App. 1973), overruled on other grounds by People v. Rist, 16 Cal.3d 211, 222 n.10 (Cal. 1976). Furthermore, California courts have often held a defendant's statements and behavior while making an armed threat against a victim may warrant a jury's finding that the firearm used to make the threat was loaded. People v. Rodriguez, 20 Cal. 4th 1, 12-13 (Cal. 1999).

Additionally, a defendant's statements and behavior are sufficient to justify the jury's determination that he personally used a firearm within the definition of Cal. Penal Code § 12022.53(b). People v. Monjaras, 164 Cal. App. 4th 1432, 1436-37 (2008). The Monjaras court reasoned that "when as here a defendant commits a robbery by displaying an object that looks like a gun, the object's appearance and the defendant's conduct and words in using it may constitute sufficient circumstantial evidence to support a finding that

07cv1225

1  it was a firearm within the meaning of Cal. Penal Code § 12022.53(b).  Id. at 1437.

2      The circumstantial evidence surrounding Petitioner's robbery is stronger than the

3  circumstantial evidence held in Monjaras to be sufficient for the jury's finding of the

4  personal use of a firearm under Cal. Penal Code § 12001(b).  Bautista, one of Petitioner's

5  victims, testified that Petitioner pulled out his gun and pointed it at Bautista, which is more

6  indicative of a loaded weapon than the defendant in Monjaras simply showing his victim a

7  gun tucked into his waistband.  (RT at 213-16.)  Both Petitioner and the defendant in

8  Monjaras made demands of their victims, and both Petitioner's victims and the victim in

9  Monjaras complied because they thought the guns were real.  (RT at 215, 225.)  Lastly,

10 Petitioner's other victim, Moon, who had previously handled a gun, was able to describe

11 the characteristics of the gun much more thoroughly than the victim in Monjaras: Moon

12 testified that the gun was a dark metal revolver with a long barrel, approximately nine to

13 ten inches long, and did not have red or orange markings on the end.  (RT at 129-30.) This

14 is sufficient evidence to support his conviction. See, e.g., United States v. Harris, 792 F.2d

15 866, 867-68 (9th Cir. 1986) (upholding conviction for use of a firearm during the

16 commission of a bank robbery where the gun was not produced at trial, but a bank customer

17 testified he was familiar with guns, the weapon "was gunmetal," and "appeared to be either

18 a .38 or .45 automatic").

19     Viewed in the light most favorable to the prosecution, the Court concludes that the

20 evidence could have persuaded a rational jury to find beyond a reasonable doubt that

21 Petitioner was in possession of a firearm within the meaning of Cal. Penal

22 Code § 12001(b).  As a result, the Court concludes that the California Court of Appeal's

23 decision affirming Petitioner's conviction for possession of a firearm by a felon, as well as

24 the enhancements for using a firearm in the commission of a robbery, was neither contrary

25 to nor an unreasonable application of clearly established federal law.

26 ////

27 ////

28 ////

1    **C.      Request for a Evidentiary Hearing**

2          Petitioner requests an evidentiary hearing on his Fourteenth Amendment sufficiency

3    of the evidence claim.  For the reasons discussed above, the Court concludes that the claim

4    upon which the request for an evidentiary hearing is based lacks merit.  Therefore, the

5    Court DENIES Petitioner's request for an evidentiary hearing.  <u>See</u> <u>Schriro v. Landrigan</u>,

6    127 S.Ct. 1933, 1940 (2007) (holding that "if the record refutes the applicant's factual

7    allegations or otherwise precludes habeas relief, a district court is not required to hold an

8    evidentiary hearing").

9                                        <u>**Conclusion**</u>

10          For the reasons stated above, the Court ADOPTS the Report and Recommendations

11   and DENIES Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

12   The Court also denies a certificate of appealability.

13   IT IS SO ORDERED.

14   DATED:  September 10, 2008

15                                        _____

16                                        MARILYN L. HUFF, District Judge
                                          UNITED STATES DISTRICT COURT

17

18   COPIES TO:
     All parties of record.

19

20

21

22

23

24

25

26

27

28

- 9 -

07cv1225