1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                   **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   KIRK PATRICK VAUGHT, JR.,                  **CASE NO. 07-CV-1225-H (CAB)**
12                              Plaintiff,       **ORDER DENYING MOTION FOR**
                                                 **RECONSIDERATION**
13
14            vs.
15   JAMES A. YATES, Warden,
16                              Defendant.

17        On September 10, 2008, the Court entered judgment adopting the Report and
18   Recommendation ("R&R") denying the petition for writ of habeas corpus brought pursuant to
19   28 U.S.C. § 2254 by Petitioner Kirk Patrick Vaught, Jr. (Doc. No. 24.)  On October 6, 2008,
20   Petitioner filed a notice of appeal and indicated in an accompanying letter that he did not
21   receive a copy of the R&R prior to its adoption and that he had prejudicially missed his
22   opportunity to make objections to the R&R.  (Doc. Nos. 26, 31.)  On October 14, 2008, for
23   good cause shown, the Court granted Petitioner an opportunity to respond to the order adopting
24   the R&R. (Doc. No. 27.)  The Court further ordered that Petitioner's response be construed as
25   a motion for reconsideration.  Id.  On November 11, 2008, Petitioner filed objections to the
26   R&R.  (Doc. No. 40.)
27        For the reasons stated below, the Court DENIES Petitioner's motion for reconsideration
28   and DENIES Petitioner's objections to the R&R.

**<u>Background</u>**

**A.      Procedural History**

On April 19, 2004, a San Diego County Superior Court jury found Petitioner guilty of two counts of robbery, one count of possession of a firearm by a felon, and one count of burglary. (Clerk's Transcript ("CT") at 185-91.)  The jury also found true the allegation that Petitioner personally used a firearm during the commission of the robbery. (CT at 186, 188.)  On November 30, 2004, Petitioner was sentenced to a state custody term of 18 years. (CT at 201.)  Petitioner's sentence included the applicable enhancements for personal use of a firearm during the commission of a robbery.  <u>Id.</u>  On May 1, 2006, the California Court of Appeal affirmed Petitioner's convictions and found that the prosecution had presented at trial sufficient evidence to prove that Petitioner possessed and used a firearm during the commission of the robbery. (Lodgment 5 at 1.)  On July 17, 2006, the California Supreme Court denied a petition for review. (Lodgment 7 at 1.)  On July 7, 2008, Petitioner filed with this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)  On November 7, 2007, Respondent filed an answer. (Doc. No. 13.)  On January 1, 2008, Petitioner filed a traverse. (Doc. No. 22.)  On May 5, 2008, the magistrate judge issued an R&R recommending that the petition be denied. (Doc. No. 23.)  On September 10, 2008, the Court reviewed the entire record and issued an order denying the habeas petition. (Doc. No. 24.)

**B.      Factual History**

The state appellate court summarized the relevant facts as follows:

> At approximately 7:00 p.m. on September 28, 2003, two employees were working at the Aaron Brothers store located on Midway Drive in San Diego.  The assistant manager, Jill Bautista, was helping Geoffrey Moon complete the final orders for the night.  When Bautista opened the store's back door to ensure it was locked, she was approached by a woman who asked to make a return of merchandise.  Bautista explained the store was closed and she could not complete the merchandise's return until the next day.  Vaught appeared from behind the door and told Bautista he was robbing the store.  When Vaught held a gun to

1   Bautista's chest, she admitted Vaught and the woman into the store.

2   Bautista immediately walked to the room in which Moon was working.
3   Vaught followed Bautista.  Bautista told Moon that Vaught was there to "take our
4   money."  Moon noticed Vaught had a gun pointed at Bautista.  Bautista then lead
5   [sic] Vaught to the office, where money was kept in a safe.  Vaught waved the
6   gun at Moon, directing him to follow.

7   After unlocking the office door, Bautista entered the office, followed by
8   Moon and Vaught.  Bautista opened the safe and handed Vaught the cash from
9   the cash drawers.  Vaught stuffed the money in his pockets.  At this time, the gun
10  was either in his hand or his waistband, and was still visible to Bautista and
11  Moon.  When Vaught insisted there was more money in the safe, Moon handed
12  over two pouches containing the daily deposits.  Vaught asked Bautista and
13  Moon to give him time to get away, and he and the woman left the store.  No gun
14  used in the robberies was ever recovered; the existence of a gun was based solely
15  on the testimonies of Bautista and Moon.

16  (Lodgment 5 at 2-3.)

17  As noted in the Court's order denying the petition for writ of habeas corpus, the two
18  robbery victims, Bautista and Moon, both testified at trial that Petitioner possessed and
19  personally used a gun during the robbery.  (Doc. No. 23; Reporter's Transcript ("RT")  at
20  128, 213.)  Bautista testified that Petitioner pulled a gun out of his waistband and put it to
21  her chest.  (RT at 213-16.)  When he pointed the gun at her chest, Petitioner told her "it
22  wasn't a joke and that he was here to take [Aaron Brothers'] money."   (RT at 216.)
23  Although Bautista's initial reaction was that the gun looked like the kind of gun "you play
24  with when you're a kid," she testified she complied with Petitioner's demands because she
25  thought the gun was real and loaded.  (RT at 215, 225.)  She could not remember the exact
26  details of the gun, only that it was "long and pointy."  (RT at 215.)

27  Moon testified that Petitioner had the gun in his left hand and was pointing it at
28  Bautista.  (RT at 128.)  Moon stated he had previously handled a gun and described the

1   difference between a revolver and a semi-automatic pistol.  (RT at 129.)  He testified the

2   gun was a dark metal revolver with a long barrel, approximately nine to ten inches long.

3   (RT at 129.)  Moon also testified that the barrel appeared to be consistent in color and there

4   were no red or orange markings at the end of the barrel.  (RT at 129-30.)

5   **C.      Motion for Reconsideration and Objections to the R&R**

6          On October 6, 2008, Petitioner filed a notice of appeal and indicated in an

7   accompanying letter to the Court that he did not receive a copy of the R&R prior to its

8   adoption and that he had prejudicially missed his opportunity to make objections to the

9   R&R.  (Doc Nos. 26, 27.) On October 14, 2008, for good cause shown, the Court granted

10  Petitioner an opportunity to respond with objections to the order adopting the R&R.  (Doc.

11  No. 27.)  The Court further ordered that Petitioner's response be construed as a motion for

12  reconsideration.  Id.  On November 11, 2008, Petitioner filed objections to the R&R.  (Doc.

13  No. 40.)

14                                  **Discussion**

15         Petitioner's motion and objections merely repeat the arguments raised in his original

16  §2254 petition and traverse.  (Doc Nos. 1, 2, 40.)  In his  motion and objections, Petitioner

17  argues that the evidence presented at trial was insufficient to support his conviction for being

18  a felon in possession of a firearm under Cal. Penal Code § 12021(a)(1) and insufficient for the

19  imposition of sentence enhancements for the personal use of a firearm during the commission

20  of a robbery under Cal. Penal Code § 12022.53(b).  (Doc. No. 40.)  The Court considers his

21  motion for reconsideration and his objections to the R&R.

22  **A.      Standard of Review for Objections to an R&R and Relief Under Rule 60(b)**

23         A district court "may accept, reject, or modify, in whole or in part, the findings or

24  recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  If a party objects to any

25  portion of the report, the district court "shall make a de novo determination of those portions

26  of the report . . . to which objection is made."  Id.

27         A motion for reconsideration of a final order is governed by Rule 60(b) of the  Federal

28  Rules of Civil Procedure.  Fed. R. Civ. P. 60(b).  Rule 60(b) provides that a court may relieve

07cv1225

1    a party from a final judgment, order, or proceeding for the following reasons:

2        (1) mistake, inadvertence, surprise, or excusable neglect;

3        (2) newly discovered evidence that, with reasonable diligence, could not have been
4        discovered in time to move for a new trial;

5        (3) fraud, misrepresentation, or misconduct by the opposing party;

6        (4) the judgment is void;

7        (5) the judgment has been satisfied, released or discharged, is based on an earlier
8        judgment that has been reversed or vacated, or is no longer equitable; or

9        (6) any other reason that justifies relief.

10   Fed. R. Civ. P. 60(b).

11       Rule 60(b)(6) is a "catch-all provision" that allows a court to vacate a judgment "for any
12   other reason justifying relief." Lehman v. U.S., 154 F.3d 1010, 1017 (9th Circuit 1998).  Relief
13   under Rule 60(b)(6) is only available when "the moving party is able to show both injury and
14   that circumstances beyond [his] control prevented timely action to protect [his] interests."
15   United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Circuit 1993).  While
16   Rule 60(b)(6) does not particularize any factors that must be met before relief is proper, courts
17   should use the Rule 60(b)(6) sparingly and only under "extraordinary circumstances."
18   Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 864 (1988).  For example, Rule
19   60(b)(6)  relief has been granted to a litigant against whom judgment was entered by a judge
20   who had improperly refused to recuse himself.  Liljeberg, 486 U.S. at 863-65.  Rule 60(b)(6)
21   has also been used to set aside a default judgment when the petitioner had ben ill, incarcerated,
22   and without counsel for the four years following the judgment.  Klapprott v. United States, 335
23   U.S. 601 (1949).

24
25   **B.    Merits of Petitioner's Motion for Reconsideration and Objections to the R&R**

26       Petitioner's motion for reconsideration and objections merely repeat the arguments
27   raised in his §2254 petition and traverse. (Doc. Nos. 1, 22, 40.)   Petitioner argues that the
28   evidence at trial was insufficient to support a finding that he used and possessed a firearm

during the robbery. (Doc. No. 40.) In light of Petitioner's objections and motion, the Court has reconsidered its order denying the §2254 petition.

The Court has considered Petitioner's objections under a de novo standard of review. Petitioner merely repeats the arguments made in his §2254 petition and traverse. For the reasons stated in the September 10, 2008 order denying the petition, the Court DENIES Petitioner's objections to the R&R.

Relief from the judgment under any of Rule 60(b) subsections (1) through (5) would be improper. Petitioner has not identified any excusable neglect, newly discovered evidence, or misconduct by the prosecution. Fed. R. Civ. P. 60(b)(1)-(3). Petitioner has not identified any reason to declare the judgment void or any intervening circumstances that render the judgment no longer equitable. Fed. R. Civ. P. 60(b)(4),(5).

Petitioner has also failed to identify "extraordinary circumstances" under which Rule 60(b)(6) relief may be granted. Liljeberg, 486 U.S. at 864. Specifically, Petitioner has failed to identify an injury that he has suffered. See Alpine Land & Reservoir Co., 984 F.2d at 1049. The Court addressed Petitioner's arguments at length in its order denying the §2254 petition. The Court then permitted Petitioner to file objections to the R&R after he alleged that he did not receive a copy of the R&R prior to its adoption. The Court has now reconsidered Petitioner's arguments under a de novo standard, the required standard of review for objections to an R&R. 28 U.S.C. § 636(b)(1) (2005). After considering Petitioner's objections, the Court finds no reason to modify the September 10, 2008 order denying the petition. Accordingly, the Court DENIES Petitioner's motion for reconsideration.

/ / /

/ / /

/ / /

/ / /

/ / /

1

### Conclusion

2

      For the reasons stated above, and for the reasons stated in the September 10, 2008 order

3

denying the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, the Court DENIES

4

Petitioner's motion for reconsideration and DENIES Petitioner's objections to the R&R. The

5

judgment entered on September 10, 2008, denying the §2254 petition remains in effect. The

6

Court also DENIES a certificate of appealability for the motion for reconsideration.

7

IT IS SO ORDERED.

8

DATED: September 21, 2009

9

10

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

11

COPIES TO:
All parties of record.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

07cv1225